**UNITED STATES of America**

v.

**Joseph OLIVIERI, Defendant.**

**No. 8–CR–828 (VM).**

United States District Court,
S.D. New York.

Signed Nov. 25, 2014.

Filed Nov. 26, 2014.

Lisa R. Zornberg, Lankler Siffert & Wohl LLP, Shawn Geovjian ·Crowley, United States Attorney's Office for the SDNY, Mark D. Lanpher, U.S. Attorney's Office, New York, NY, for United States of America.

Brian L. Gardner, Cole, Schotz, Meisel, Forman & Leonard, P.A., New York, NY, Michele Marianna Bonsignore, Michele Marianna Bonsignore P.C., Yonkers, NY, for Defendant.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

On October 27, 2010, Defendant Joseph Olivieri ("Olivieri") was convicted of perjury, in violation of 18 U.S.C. § 1623. On June 3, 2011, the Court sentenced Olivieri to eighteen months imprisonment, followed by three years of supervised release. Olivieri was released from prison on December 27, 2012, and has now completed almost twenty-three months of supervised release. By letters dated July 31, 2014 and October 24, 2014, Olivieri moved for an Order, pursuant to 18 U.S.C. § 3583(e), terminating the remaining period of his supervised release. (*See* Dkt. Nos. 351 ("Def.Mot."), 356.) The Government opposed Olivieri's motion on October 29, 2014. (*See* Dkt. No. 355 ("Gov Opp'n").) For the reasons set forth below, the Court denies Olivieri's request.

## I. *LEGAL STANDARD*

Pursuant to Section 3583(e)(1) of Title 18 of the United States Code, a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release ... if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

In determining whether early termination of supervised release is warranted, a court must consider the following factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant, *id.* at § 3553(a)(1); (2) the need to deter criminal conduct, *id.* at § 3553(a)(2)(B); (3) the need to protect the public from further crimes of the defendant, *id.* at § 3553(a)(2)(C); (4) the need to provide the defendant with correctional treatment, *id.* at § 3553(a)(2)(D); (5) the kinds of sentence and the sentencing range established for defendants with similar characteristics under the applicable Sentencing Commission guidelines and policy statements, *id.* at § 3553(a)(4); (6) any pertinent policy statement of the Sentencing Commission in effect on the date of sentencing, *id.* at § 3553(a)(5); (7) the need to avoid unwarranted sentence disparities among similar defendants, *id.* at § 3553(a)(6); and (8) the need to provide restitution, *id.* at § 3553(a)(7).

■ Early discharge from supervised release is appropriate to "account for new or unforeseen circumstances" not contemplated at the initial imposition of the sentence. *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir.1997); *see also United States v. Rasco*, No. 88 Cr. 817, 2000 WL 45438, at *2 (S.D.N.Y. Jan. 18, 2000). Only "occasionally" is early termination warranted when "changed circumstances" of the defendant render the previously imposed term "either too harsh or inappropriately tailored to serve" general punishment goals. *Lussier*, 104 F.3d at 36.

## II. *DISCUSSION*

■ Olivieri argues that the Court should terminate the remainder of his term of supervised release, because he has "consistently met all conditions" of supervised release, "has been very communicative with his probation officer at all times," and has "actively engaged in putting his life back together and being a productive citizen and a good husband, father, and grandfather." (Def. Mot.) Additionally, Olivieri asserts that "the restrictions and general weight of supervised release impede his advancement." (*Id.*) Olivieri explains that "[w]hile the probation department has been cooperative at every step, it is still difficult to move forward, and in particular he needs to regularly travel well outside of the Southern District for his sought employment in sales." (*Id.*) The Court finds these arguments unpersuasive.

■ "A defendant's faithful compliance with the terms of his supervision does not, by itself, entitle him to modification or termination of his term of supervised release." *United States v. Flores*, No. 99–CR–1110, 2010 WL 2573385, at *1 (S.D.N.Y. June 28, 2010). Rather; "full compliance with the terms of supervised release is what is expected of [the defendant] ... and does not warrant early termination." *Rasco*, 2000 WL 45438, at *1. In addition, obtaining productive employment, while laudable, does not justify the termination of supervision. *See United States v. Harris*, 689 F.Supp.2d 692, 694 (S.D.N.Y.2010).

Furthermore, as the Government has pointed out in its Opposition, Olivieri has "advanced no basis for his contention that 'the restrictions and general weight of supervised release' impede his employment" or otherwise prevent him from "mov[ing] forward." (Gov. Opp'n 2.) The Government asserts that the Probation Office has granted every domestic travel request Olivieri has submitted, and that he has in fact never requested to travel for employment purposes. (*Id.*) The Probation Office "stands willing to consider and work with the defendant on any such request" for work-related travel. (*Id.*) In failing to present any further information demonstrating lost potential business opportunities due to his travel restrictions, Olivieri has not shown the sort of "changed circumstances" under Section 18 U.S.C. § 3583(e)(1) that warrant early termination of supervised release. (*See United States v. Black*, No. 10–CR–303–A, 2013 WL 2527371, at *3 (W.D.N.Y. June 10, 2013) (denying early termination of supervised release due to changed circumstances when the defendant argued that his travel restriction had a "negative effect on his business," but did not provide any information showing lost potential business opportunities or "any specific instance when the travel-approval process had a concrete negative effect on his business")).

Similarly, Olivieri has provided no information to support his claim that being on supervised release has impeded his ability to "move forward." Indeed, the Government reports that the terms of Olivieri's supervised release require only that he submit monthly supervision reports elec-

tronically, clear any domestic travel plans with the Probation Office, and clear any international travel with the Court. (Gov. Opp'n 2.) Olivieri is not even required to report to the Probation Office in person. (*Id.*) Such limited restrictions can hardly be said to impede Olivieri's progress.

Having considered the submissions, the circumstances of Olivieri's conviction, and all other relevant factors under 18 U.S.C. § 3553(a), the Court concludes that Olivieri has not presented an exceptional case warranting early termination of supervised release. Nothing in Olivieri's submission "rises to the level of a special, extraordinary, or unforeseen circumstance that distinguishes [Olivieri] from other compliant defendants on supervised release." *Flores*, 2010 WL 2573385, at *1. "While commendable, [Olivieri's] compliance and good behavior is exactly what is expected of all defendants on supervised release and therefore does not warrant early termination." *Id.*

### III.  *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that the motion (Dkt. No. 351) of defendant Joseph Olivieri under 18 U.S.C. § 3583(e) to terminate his supervised release is **DENIED.**

**SO ORDERED.**